**[J-24-2015][M.O. – Stevens, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

EVONNE K. WERT, EXECUTRIX OF THE
ESTATE OF ANNA E. KEPNER,
DECEASED

          v.

MANORCARE OF CARLISLE PA, LLC
D/B/A MANORCARE HEALTH
SERVICES-CARLISLE; HCR
MANORCARE, INC; MANOR CARE, INC.;
HCR HEALTHCARE, LLC; HCR II
HEALTHCARE, LLC; HCR III
HEALTCARE, LLC; HCR IV
HEALTHCARE, LLC: GGNSC
GETTYSBURG, LP, D/B/A GOLDEN
LIVING CENTER-GETTYSBURG;
GGNSC GETTYSBURG GP, LLC;
GGNSC HOLDINGS, LLC; GOLDEN
GATE NATIONAL SENIOR CARE, LLC;
GGNSC EQUITY HOLDINGS, LLC;
GGNSC ADMINISTRATIVE SERVICES,
LLC

APPEAL OF: GGNSC GETTYSBURG LP,
D/B/A GOLDEN LIVING CENTER -
GETTYSBURG; GGNSC GETTYSBURG
GP, LLC; GGNSC HOLDINGS, LLC;
GOLDEN GATE NATIONAL SENIOR
CARE, LLC; GGNSC EQUITY
HOLDINGS, LLC AND GGNSC
ADMINISTRATIVE SERVICES, LLC

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 62 MAP 2014

Appeal from the Order of the Superior
Court at No. 1746 MDA 2012 dated
12/19/13 affirming the order of the
Cumberland County Court of Common
Pleas, Civil Division, at No. 12-165 Civil
dated 9/13/12

ARGUED:  April 7, 2015

**CONCURRING OPINION**

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED:  October 27, 2015**

Although I have differences with the rationale set forth in the Opinion Announcing the Judgement of the Court, I support the result for many of the reasons articulated by Judge Hamilton of the United States Court of Appeals for the Seventh Circuit in her dissenting opinion in *Green v. U.S. Cash Advance Illinois, LLC*, 724 F.3d 787 (7th Cir. 2013).  In addition to agreeing with Judge Hamilton's analysis of Rules 1(A) and 48(D) of the National Arbitration Forum ("NAF") Code, *see id.* at 795-96 (Hamilton, J., dissenting), I am aligned with her position that it is not the courts' role to compensate for the negligence of an entity presenting a form contract in a consumer-oriented setting which this entity knew or should have known could not be enforced on its own terms. *See id.* at 793.  *See generally* Majority Opinion, *slip op.* at 11 (explaining that the arbitration agreement at issue in the present case was executed eight months after the NAF's decision to withdraw from the field of consumer arbitrations).  To the extent that unwanted consequences must attend such a patent drafting error, from my point of view these are more justly visited upon the more sophisticated party to which such mistake is most fairly attributable.

Finally, although I certainly recognize the federal and state policies favoring arbitration, I also believe it is important to acknowledge the inauspicious circumstances surrounding the NAF's decision to forego administering consumer arbitrations, in that the organization entered into a consent decree with a state attorney general after having been sued on the allegation that it colluded with businesses relative to their disputes with consumers.  *See id.* at 794.  *See generally* Note, Nicole Wanlass, *No Longer Available: Critiquing the Contradictory Way Courts Treat Exclusive Arbitration Forum Clauses When the Forum Can No Longer Arbitrate*, 99 MINN. L. REV. 2005, 2009 (2015).  To the degree that such allegations cannot be discounted, reflexive adherence to the

courts' self-protective preferences for arbitration -- particularly relative to agreements which are incapable of enforcement according to their own terms – would be problematic.